IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MAXWELL ODUM,

    Plaintiff,

v.

SPECIALIZED LOAN SERVICING,

    Defendant.

CIVIL ACTION FILE

NO. 1:15-CV-1949-MHC-JFK

## ORDER

This action is before this Court on the Non-Final Report and Recommendation ("R&R") of Magistrate Judge Janet F. King [Doc. 8], recommending that Defendant's Motion to Dismiss for Failure to State a Claim [Doc. 4] be granted in part and denied in part. The R&R recommends that the motion to dismiss be granted as to counts one through six of Plaintiff's complaint and denied as to Plaintiff's unenumerated claim under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e). R&R at 31-32. The Order for Service of the R&R [Doc. 9] provided notice that, in accordance with 28 U.S.C. § 636(b)(1), the parties were authorized to file objections within fourteen (14) days of the receipt of that Order. On December 8, 2015, Plaintiff filed a motion to extend

the time within which to file objections to the R&R [Doc. 10], which this Court granted by Order dated December 9, 2015 [Doc. 11], providing Plaintiff until December 23, 2015, to file his objections.

Instead of filing specific objections to the R&R, on December 24, 2015, Plaintiff filed a motion requesting: (1) a court-appointed attorney, (2) "extra time," and (3) mediation between Plaintiff and Defendant, "plus their affiliates." [Doc. 12.] Plaintiff also filed a motion to "pardon" the lateness of his motion, which was filed a day late due to weather and traffic related issues. [Doc. 13.]

In reviewing a Magistrate Judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). If there are no specific objections to factual findings made by the Magistrate Judge, there is no requirement that those findings be reviewed *de novo*. Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993). Absent objection, the district court judge "may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1)(C), and "need only satisfy itself that there is no clear error on the face of the record" in order to accept the recommendation. FED. R. CIV. P. 72, advisory committee note, 1983 Addition, Subdivision (b). In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Plaintiff objects and has reviewed the remainder of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

As stated above, Plaintiff did not file any objections which challenge any of the findings and conclusions made by the magistrate judge in her R&R. Aside from his requests for an attorney, mediation, and "extra time" (presumably to obtain a court-appointed attorney and/or mediation), all Plaintiff did was attach thirty-seven pages of documents, some of which were already provided in his response to Defendant's motion to dismiss, some of which are pages copied from a decision apparently issued in the Middle District of Georgia, and some of which are loan modification documents with Bank of America or Defendant. [Doc. 12 at 4-40.] Aside from the fact that none of these documents challenge any findings made by the Magistrate Judge, these documents cannot be considered for the same

reasons that similar documents were not considered by the Magistrate Judge in her R&R:

> The exhibits attached to Plaintiff's response brief opposing dismissal of the complaint are not considered a part of the complaint and cannot be considered without converting Defendant's motion to a motion for summary judgment. Most of the exhibits concern Bank of America which Plaintiff indicates was his loan servicer prior to SLS becoming the loan servicer but is not mentioned in the complaint. Some exhibits concern loan modification applications with BOA and SLS. Plaintiff cannot amend the complaint by making such allegations for the first time in response to SLS's motion to dismiss. The documents attached to Plaintiff's response to the motion to dismiss, therefore, have not been taken into consideration in ruling on the pending motion to dismiss, and the allegations in Plaintiff's response, even if noted as having been asserted by plaintiff, are not accepted as true when ruling on the motion.

R&R at 3-4 (citations omitted). Because Plaintiff has not specifically identified any portions of the R&R to which he objects, this Court has reviewed the R&R for plain error and finds none.

With respect to Plaintiff's motion for appointment of counsel, the Seventh Amendment guarantees a right to counsel in criminal cases, not in a civil case. Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985). Appointment of counsel in civil cases is a privilege "justified only by exceptional circumstances," such as the presence of "facts and legal issues [which] are so novel and complex as to require the assistance of a trained practitioner." Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987); see also Holt v. Ford, 862 F.2d 850, 853 (11th Cir. 1989) (stating

4

that, in determining whether to appoint counsel, the district court typically considers, among other factors, the merits of the plaintiff's claim and whether the claim is factually or legally so complex as to warrant the assistance of counsel). In this case, because counts one through six of Plaintiff's complaint are subject to dismissal, Plaintiff needs no counsel for those claims. With respect to Plaintiff's need to amend his RESPA claim as directed by the Magistrate Judge to state specific factual allegations in support of that claim, and the preparation of further filings in the event that claim survives dismissal, such activity is neither factually nor legally so complex as to require the assistance of counsel. Plaintiff's motion for appointment of counsel and for extra time is therefore **DENIED**.

Finally, as counts one through six of the complaint are being dismissed, and Plaintiff's RESPA claim will still be reviewed depending upon his response to this Court's order to amend his complaint, Plaintiff's motion for mediation is **DENIED** at this time.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's motion to "pardon" his motion being filed one day late [Doc. 13] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a court-appointed lawyer, for extra time, and for mediation [Doc. 12] is **DENIED**.

**IT IS FURTHER ORDERED** that, to the extent that Plaintiff's motion [Doc. 12] constitutes Plaintiff's objections to the R&R, those objections are **OVERRULED**.

After reviewing the Report and Recommendation [Doc. 8], it is received with approval and **ADOPTED** as the Opinion and Order of this Court. Defendant's motion to dismiss Plaintiff's complaint for failure to state a claim [Doc. 4] is **GRANTED IN PART** and **DENIED IN PART**. Defendant's motion is **GRANTED** with respect to counts one through six, so that counts one through six of Plaintiff's complaint are **DISMISSED WITH PREJUDICE**. Defendant's motion is **DENIED** as to the unenumerated RESPA claim against Defendant for failure to respond to a qualified written request ("QWR") in violation of 12 U.S.C. § 2605(e).

**IT IS FURTHER ORDERED** that Plaintiff file an amended complaint within twenty-one (21) days of this Order setting forth any factual allegations in support of his RESPA claim in the complaint. Plaintiff is advised that the amended complaint setting forth a RESPA claim would replace his previous pleadings filed in this action. Any amended complaint shall be identified using the same case number, Civil Action No. 1:15-CV-1054, and identifying the filing as an Amendment to the original complaint, which must comply with the Federal Rules

of Civil Procedure. If Plaintiff fails to comply with this Order, his RESPA claim shall be dismissed with prejudice for failure to state a claim upon which relief can be granted and for refusal to obey a lawful order of the Court. See LR 41.3A(2), NDGa.

The Clerk is **DIRECTED** to re-submit this matter to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED** this 13th day of January, 2016.

_____
MARK H. COHEN
United States District Judge